UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYENALEM A. EDAE and SAMSON B. HABTEMARIAM,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>  Defendant. | Case No. 21-cv-2048 (CRC) |

### MEMORANDUM OPINION

Plaintiffs Samson B. Habtemariam, a United States citizen, and his sister-in-law Ayenalem A. Edae, a resident and citizen of Ethiopia, seek to compel the Department of State to review all documents Edae submitted when she unsuccessfully applied for a nonimmigrant visa. Habtemariam and Edae allege that the government failed to review the documents Edae provided, as required by federal regulations. They also express concerns that the same error will doom Edae's second visa application, which remains pending. The government has moved to dismiss this suit for failure to state a claim. Because the Court cannot review final visa determinations under the consular nonreviewability doctrine, and because it does not yet have jurisdiction over any challenge to Edae's second visa application, the Court will grant the government's motion.

### I. Background

Habtemariam is a United States citizen who lives in Maryland. Compl. ¶ 5. His sister-in-law, Edae, lives in Ethiopia. Compl. ¶ 4.

In October 2020, Habtemariam's wife died, leaving him and their two children behind. Compl. ¶ 8. Sometime after his wife's passing, Edae applied for a B-2 non-immigrant visitor's

visa to travel to the U.S. to visit Habtemariam and his children. Id. ¶ 9. On April 26, 2021, Edae met with a consular officer at the U.S. Embassy in Ethiopia for a visa interview. Id. She alleges that a receptionist at the Embassy told her that she did not need to present the numerous documents she'd brought—including a letter from her employer and other evidence of her reasons to travel to the U.S. and plans to return to Ethiopia. Id. The plaintiffs allege that the consular officer asked Edae only two basic questions about her employment and financial status before concluding the interview. Id. The consular officer ultimately found Edae "ineligible for a nonimmigrant visa." Pls.' Ex. 3 (Embassy Letter), ECF No. 1-3. In support, the consular officer found that Edae had not adequately demonstrated "ties" that would "compel [her] to return to" Ethiopia after traveling to the United States. Id. Edae alleges that, because the consular officer did not read the documents she brought to the interview, "compelling evidence that would have authorized the consular officer to grant" her application was ignored. Compl. ¶ 9. Edae applied for a visa again in July 2021. Id. ¶ 14. At the time the complaint was filed, that application had not yet been adjudicated.[1] Id.

In July 2021, Habtemariam and Edae brought suit against the U.S. Department of State under the Mandamus Act, 28 U.S.C. § 1361. Id. ¶ 1. They allege that, when adjudicating her first visa application, the consular officer did not consider "[a]ll documents and other evidence presented by" Edae and therefore did not comply with 22 C.F.R. § 41.105(a)(1). Id. ¶¶ 12–13. They further claim that mandamus relief should be granted so that Edae's second application is not similarly denied without appropriate process. See Compl. ¶¶ 14–15 (claiming that failure to

---

[1] A recent check for Edae's visa application number on the State Department's visa status website returned the message "No Status." See Visa Status Check, U.S. Dep't of State, Consular Electronic Application Ctr., https://ceac.state.gov/CEACStatTracker/Status.aspx (search for Edae's application as of Aug. 9, 2022).

consider all documents would violate governing regulations and their right to due process). The government filed a motion to dismiss, which is now ready for the Court's consideration.

## II. Legal Standards

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "must treat the complaint's factual allegations as true, and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up); see also Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011). However, the Court need not accept the plaintiff's "legal conclusions or inferences that are unsupported by the facts alleged." Ralls Corp. v. Comm. on Foreign Inv. in the U.S., 758 F.3d 296, 315 (D.C. Cir. 2014).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). When ruling on a 12(b)(6) motion, a court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." Daniels v. United States, 947 F. Supp. 2d 11, 17 (D.D.C. 2013).

## III. Analysis

Habtemariam and Edae allege that, contrary to federal regulations, the government failed to review documents Edae provided at her visa interview, resulting in the denial of her first visa application. Compl. ¶¶ 12–13. The plaintiffs also claim that, "given the way the first application was unfairly adjudicated," mandamus is necessary to prevent the same error with her second application, filed in July 2021. Id. ¶ 14. The Court will dismiss the claims as they relate to both applications. The consular nonreviewability doctrine precludes judicial review of Edae's first

visa denial. And the Court cannot order relief related to her second application because any claim is not yet justiciable.

### A. April 2021 Visa Application[2]

#### 1. Consular Nonreviewability

To the extent they are challenging the denial of Edae's April 2021 visa application, the plaintiffs' claim cannot be reviewed by this Court. The consular nonreviewability doctrine "shields a consular official's decision to issue or withhold a visa from judicial review." Baan Rao Thai Rest. v. Pompeo, 985 F.3d 1020, 1024 (D.C. Cir. 2021) (explaining that Congress granted consular officers wide latitude in decision-making, allowing them "to grant, deny or revoke any visa"). This doctrine specifically applies to "final visa determinations," like Edae's. See Joorabi v. Pompeo, 464 F. Supp. 3d 93, 100 (D.D.C. 2020) (a visa is final when "a consular officer has made a *decision* with respect to a particular visa application" (quoting Nine Iraqi Allies v. Kerry, 168 F. Supp. 3d 268, 290 (D.D.C. 2016))); Opp'n at 3 (acknowledging Edae's "application was denied").

Attempting to circumvent the application of this doctrine, the plaintiffs say their objection is not to the consular officer's decision, but to his failure to comply with a federal regulation requiring consular officers to consider "[a]ll documents and other evidence presented by" the applicant, 22 C.F.R. § 41.105(a)(1). See Opp'n at 4–5. They assert that courts can review such alleged procedural errors, which tend to "involve purely legal questions of statutory interpretation." Id. at 4.

---

[2] The complaint does not explain when Edae applied for her initial visa, nor when it was denied. The only date referenced is April 2021, when Edae was interviewed. Compl. ¶ 9. Accordingly, the Court refers to this application as the April 2021 visa application.

This argument fails. The doctrine of consular nonreviewability applies quite broadly, including, as here, "where it is alleged that the consular officer failed to follow regulations, where the applicant challenges the validity of the regulations on which the decision was based, or where the decision is alleged to have been based on a factual error." Didban v. Pompeo, 435 F. Supp. 3d 168, 173 (D.D.C. 2020) (Cooper, J.) (quoting Van Ravenswaay v. Napolitano, 613 F. Supp. 2d 1, 5 (D.D.C. 2009)); cf. Emami v. Nielsen, 365 F. Supp. 3d 1009, 1018–19 (N.D. Cal. 2019) (finding jurisdiction to evaluate challenge to "systemic practices with respect to [a] program, and not individualized determination[] for any specific person").

The plaintiffs cite two cases for their proposed exception to consular nonreviewability, but neither supports their argument. The first, Patel v. Reno, 134 F.3d 929 (9th Cir. 1998), only confirms that consular nonreviewability applies. There, the Ninth Circuit explained that "[a] consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review" unless the lawsuit seeks to "challenge[] the authority of the consul to take or fail to take an action." Patel, 134 F.3d at 931–32. Here, the plaintiffs challenge the consular officer's reasons for denying Edae's visa, not his or her authority or obligation to act. The plaintiffs also cite Japan Whaling Ass'n v. American Cetacean Society, 478 U.S. 221 (1986). But that case does not discuss immigration or the doctrine of consular nonreviewability, so it is entirely inapposite. See id. at 230 (discussing political questions doctrine). The Court therefore rejects the plaintiffs' proposed procedural exception to the consular nonreviewability doctrine.

2. *Constitutional Claims*

As the government notes, the plaintiffs also—at least obliquely—purport to challenge the consular officer's actions under the Due Process Clause of the Fifth Amendment. Compl. ¶ 15. The complaint largely discusses the alleged due process violation in the context of Edae's still-

pending second visa application.  But, in an abundance of caution, the Court will construe it to cover the April 2021 application as well.  Such a constitutional claim could conceivably escape the effects of consular nonreviewability, as there is a narrow exception for "American citizen[s] [to] challenge the exclusion of a noncitizen if it burdens the citizen[s'] constitutional rights."[3]  Baan Rao, 985 F.3d at 1024–25.  The plaintiffs, however, have not stated such a claim.

"To establish entitlement to this limited exception to the consular nonreviewability doctrine," plaintiffs must "demonstrate[] that the visa decision violated a constitutionally protected interest."  Udugampola v. Jacobs, 70 F. Supp. 3d 33, 41 (D.D.C. 2014).  The constitutional interest the plaintiffs cite—due process—includes two components:  substantive and procedural.  Because the plaintiffs do not specify which category their claim falls under, the Court will address both.

Plaintiffs alleging a substantive due process violation must demonstrate they were arbitrarily "deprived . . . of a cognizable liberty or property interest."  Abdelfattah v. U.S. Dep't of Homeland Sec., 787 F.3d 524, 540 (D.C. Cir. 2015).  Courts in this district "have ruled that a U.S. citizen has no constitutional right which is violated by the denial of a spouse's visa application."  Rohrbaugh v. Pompeo, 394 F. Supp. 3d 128, 133 (D.D.C. 2019) (Cooper, J.).  The same principle would reach more distant family members like Edae as well.  The denial of Edae's visa application therefore cannot violate the constitutionally protected rights of Habtemariam, the U.S.-citizen plaintiff.

Next, "[a] procedural due process violation occurs when an official deprives an individual of a liberty or property interest without providing appropriate procedural protections."

---

[3] The doctrine also does not apply "whenever the Congress says otherwise."  Baan Rao Thai, 985 F.3d at 1025.  The plaintiffs do not invoke this exception.

Bowman v. Iddon, 848 F.3d 1034, 1039 (D.C. Cir. 2017).  Edae cannot challenge the adequacy of the State Department's visa processing procedures under the auspices of procedural due process.  "Congress is entitled to set the conditions for a [non-citizen's] lawful entry into this country," so Edae, a non-citizen, "cannot claim any greater rights under the Due Process Clause" than what Congress has already prescribed.  Dep't of Homeland Sec. v. Thuraissigiam, 140 S. Ct. 1959, 1964 (2020).

In sum, the plaintiffs have not stated a viable substantive or procedural due process claim.  Therefore, no exception to consular nonreviewability could allow judicial review of Edae's already-adjudicated visa application.

    B.  July 2021 Visa Application

The Court reads the plaintiffs' complaint to ask for relief regarding Edae's July 2021 application, too.  See Compl. ¶ 15.  Because a decision is still pending on that application, the Court does not have jurisdiction over any such claim.  "Two related doctrines of justiciability"—ripeness and standing—"underlie this determination."  Trump v. New York, 141 S. Ct. 530, 535 (2020).

Ripeness addresses when a federal court can decide a case and standing concerns who has sufficient interest to bring the case.  See Am. Petrol. Inst. v. EPA, 683 F.3d 382, 386 (D.C. Cir. 2012); Nat'l Env't Dev. Ass'n's Clean Air Project v. EPA, 752 F.3d 999, 1005 (D.C. Cir. 2014).  In part, the ripeness doctrine "is subsumed into the Article III requirement of standing, which requires" plaintiffs to allege, among other things, "an injury-in-fact that is 'imminent' or 'certainly impending.'"  Am. Petrol. Inst., 683 F.3d at 386 (quoting Nat'l Treasury Emps. Union v. United States, 101 F.3d 1423, 1427–28 (D.C. Cir. 1996)).

Plaintiffs' claim fails under both standing and ripeness.  No decision has been made regarding Edae's July 2021 application, so a consular officer has not yet had an opportunity to follow or flout the applicable regulations.  And any alleged wrongdoing on the first consular officer's part is insufficient to establish "a 'real and immediate threat of again being' subject to the same conduct," as required for standing to seek injunctive relief.  Narragansett Indian Tribal Historic Pres. Off. v. FERC, 949 F.3d 8, 13 (D.C. Cir. 2020) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 110 (1983)).  "For the same reasons" the plaintiffs cannot allege an injury sufficient to confer standing, they "fail[] to identify any non-speculative dispute that is ripe for adjudication."  Endeley v. United States Dep't of Defense, 268 F. Supp. 3d 166, 175–76 (D.D.C. 2017); see also Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (internal quotation marks omitted)).  The Court therefore lacks jurisdiction to address the plaintiffs' claims regarding Edae's July 2021 visa application.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.  A separate Order shall accompany this memorandum opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  August 9, 2022